**STANDARD TIRE & BATTERY CO.,**
Appellant,

v.

**Halbert W. PRUITT, Appellee.**

No. 2770.

Municipal Court of Appeals for the District of Columbia.

Argued June 12, 1961.

Decided July 20, 1961.

Alfred S. Fried, Washington, D. C., with whom Harold J. Rogers, Washington, D. C., was on the brief, for appellant.

Stanley R. Jacobs, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

This is an appeal from a judgment of the trial court rescinding a contract for the purchase of an air conditioner and returning the purchase price.

The facts are not in dispute. Appellee bought an air conditioner from appellant and paid cash. Appellee testified that when he first used the unit it cooled for about twenty-four hours but then started to blow hot air. He complained to appellant and was instructed to contact Maisel's Electric Company for service. The unit was subsequently repaired by Maisel but when it still failed to function properly, appellee again complained to the seller and for the second time was told to contact Maisel's. Mr. Maisel picked up the machine at which time he told appellee's wife that "the tubing was faulty." A week later it was returned and when appellee attempted to operate it, the unit functioned properly for a few minutes and then resumed blowing hot air. Appellee then tendered the machine to appellant for the return of the purchase price or another unit, and was informed "that there was nothing which could be done." The court found that the unit was defective, that it did not do the thing for which it was purchased, and ordered the return of appellee's money upon a tender of the air conditioner. This appeal followed.

Appellant's main contention is that the court erred in not requiring appellee to show that the "subject matter" was worthless. We believe from the record that appellee showed just that. He purchased what he

thought was a new air conditioner, and he had a reasonable right to expect that it was properly constructed and regulated to furnish cool, not hot, air. The court in substance found that there was a substantial failure of the contract. We conclude there was ample evidence to support the finding.

Affirmed.